1

2

3

4

5

6

7

8                              IN THE UNITED STATES DISTRICT COURT

9                            FOR THE EASTERN DISTRICT OF CALIFORNIA

10    KENNETH A. SMITH

11              Plaintiff,                        No. CIV S-10-2556 EFB P

12        vs.

13    U.S. MAIL PROCESSOR
      SACRAMENTO SHERIFF MAIN
14    JAIL HOUSE ELK GROVE BRANCH
      JAIL, et al.,
15
                Defendants.                       ORDER
16
      _____/
17

18              Kenneth Smith, formerly confined at the Sacramento County Jail, filed this pro se civil

19    rights action under 42 U.S.C. § 1983.  In addition to filing a complaint, plaintiff has filed an

20    application to proceed in forma pauperis.  This proceeding was referred to this court by Local

21    Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's

22    consent.  *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

23    **I.    Request to Proceed In Forma Pauperis**

24              Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

25    Dckt. No. 2.  Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and

26    (2).  Accordingly, the request will be granted.

                                                  1

**II.     Screening**

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the court must dismiss plaintiff's case if at any time the court determines that it fails to state a claim on which relief may be granted.  The court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (citations and quotation marks omitted).  Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth.  *Id.* at 1950.

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44

2

(9th Cir. 1978)

The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds it does not state a cognizable claim.  Plaintiff alleges that an employee at the jail gave him his "legal confidential mail" with the "seal open."  Dckt. No. 1 at 3.  Defendant Bun told plaintiff that the mail was brought that way.  *Id.*  Plaintiff identifies the mail as "sent mail from eastern district court Sacramento 501 I Street certified mail letter from civil division."  *Id.*

Prisoners have a First Amendment right to send and receive mail.  *See Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam).  This right does not prohibit prison officials from opening prisoner mail in all instances, however.  For example, prisons may implement a policy to intercept and censor outgoing mail concerning escape plans, proposed criminal activity, or encoded messages.  *Witherow*, 52 F.3d at 266.  Officials may also prohibit correspondence between inmates based on security concerns.  *Turner v. Safley*, 482 U.S. 78, 93 (1987).

As to legal mail, review by prison officials is more restricted.  Officials may not, for example, review outgoing legal mail for legal sufficiency before sending it to the court.  *See Ex Parte Hull*, 312 U.S. 546, 549, 61 S. Ct. 640, 85 L. Ed. 1034 (1941).  Whether legal mail may be persistently opened outside the inmate's presence is an open question in the Ninth Circuit.  *See Sherman v. MacDougall*, 656 F.2d 527, 528 (9th Cir. 1981) (citing *Taylor v. Sterrett*, 532 F.2d 462 (5th Cir. 1976), *Bach v. Illinois*, 504 F.2d 1100 (7th Cir. 1974) (per curiam), and *Smith v. Robbins*, 454 F.2d 696 (1st Cir. 1972)).  At least one court in this circuit has concluded, based on citation to a Sixth Circuit case, that a "prison's 'pattern and practice' of opening confidential legal mail outside of [the] inmate's presence infringes upon [the] inmate's First Amendment rights and access to the courts."  *Oliver v. Pierce County Jail*, 2007 U.S. Dist. LEXIS 34415, 2007 WL 1412843 (W.D. Wash. May 9, 2007) (citing *Muhammad v. Pitcher*, 35 F.3d 1081 (6th Cir. 1994)).  Another court in this circuit has concluded that an isolated incident of opening legal mail does not arise to a constitutional violation.  *Battle v. Posadas*, No. Civ. S-10-2135 FCD CMK P, 2011 U.S. Dist. LEXIS 6045, *2-4 (E.D. Cal. January 21, 2011); *see also Gardner v.*

*Howard*, 109 F.3d 427, 431 (8th Cir. Neb. 1997) ("[W]e agree with other circuits that an

'isolated incident, without any evidence of improper motive or resulting interference with [the

inmate's] right to counsel or to access to the courts, does not give rise to a constitutional

violation.'" (quoting *Smith v. Maschner,* 899 F.2d 940, 944 (10th Cir. 1990) and citing *Morgan*

*v. Montanye,* 516 F.2d 1367, 1370-71 (2d Cir. 1975)).  In addition, incoming mail from the

courts, as opposed to mail from the prisoner's attorney, is not considered "legal mail" and may

therefore be opened outside the inmate's presence.  *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir.

1996), amended by 135 F.3d 1318 (9th Cir. 1998).

Here, plaintiff alleges only that the mail he received from this court was opened before it

was given to him.  Mail from this court is not "legal mail," and thus may be opened by jail staff

before being given to plaintiff.  Further, plaintiff does not allege that his "legal mail" was opened

outside his presence on more than one occasion as part of a pattern and practice of the jail.  Thus,

plaintiff's allegations do not set out a violation of the constitution or other federal law, and to

proceed plaintiff must file an amended complaint.

Any amended complaint must adhere to the following requirements:

It must be complete in itself without reference to any prior pleading.  E.D. Cal. Local

Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended

complaint, the original pleading is superseded.

It must show that the federal court has jurisdiction and that plaintiff's action is brought in

the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must

contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

*Johnson*, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if

he does an act, participates in another's act or omits to perform an act he is legally required to do

that causes the alleged deprivation).

////

1    It must contain a caption including the name of the court and the names of all parties.

2  Fed. R. Civ. P. 10(a).

3    Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ.

4  P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences,

5  the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join

6  multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  Unrelated claims

7  against different defendants must be pursued in multiple lawsuits.  "The controlling principle

8  appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as

9  alternate claims, as many claims . . . as the party has against an opposing party.'  Thus multiple

10  claims against a single party are fine, but Claim A against Defendant 1 should not be joined with

11  unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in

12  different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit

13  produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation

14  Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file

15  without prepayment of the required fees.  28 U.S.C. § 1915(g)."  *George v. Smith*, 507 F.3d 605,

16  607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless

17  both commonality and same transaction requirements are satisfied).  Plaintiff may not change the

18  nature of this suit by alleging new, unrelated claims in an amended complaint. *George*, 507 F.3d

19  at 607 (no "buckshot" complaints).

20    The allegations must be short and plain, simple and direct and describe the relief plaintiff

21  seeks.  Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v.*

22  *County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002).  A long, rambling pleading,

23  including many defendants with unexplained, tenuous or implausible connection to the alleged

24  constitutional injury or joining a series of unrelated claims against many defendants very likely

25  will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing

26  plaintiff's action pursuant to Rule 41 of the Federal Rules of Civil Procedure for violation of

these instructions.

Plaintiff must sign the complaint. Fed. R. Civ. P. 11(a). By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). By signing an amended complaint plaintiff certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action

**III.   Order**

Accordingly, the court hereby orders that:

1. Plaintiff's request to proceed in forma pauperis is granted.

2. The complaint is dismissed with leave to amend within 30 days. The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint." Failure to comply with this order will result in this action being dismissed. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

Dated: February 7, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE